UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY STEVENSON,

    Plaintiff,

v.                                                        Case No. 2:08-cv-154
                                                      HON. ROBERT HOLMES BELL

WAYNE GAMELIN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Stevenson, a former inmate at the Hiawatha Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against former MDOC employee Wayne Gamelin. Plaintiff's complaint alleges that on January 15, 2008, Plaintiff gave Defendant some legal mail to send to the Michigan Supreme Court. Plaintiff told Defendant that he had to meet a filing deadline of January 21, 2008, so that the mail had to go out promptly. On January 23, 2008, Plaintiff learned that his legal mail was not placed in outgoing mail until January 22, 2008. Plaintiff states that his application for leave to appeal to the Michigan Supreme Court was rejected as untimely. Plaintiff filed grievances and through the grievance process, Plaintiff learned that Defendant had not followed the established procedure for processing the expedited legal mail. Defendant failed to properly log the expedited mail into the logbook, nor did he initial the logbook or notify mail room staff of the expedited legal mail. Plaintiff claims that Defendant violated his First Amendment right of access to the courts and seeks damages and injunctive relief.

Presently before the Court is the Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision.

Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant claims that he is entitled to summary judgment on Plaintiff's First Amendment claim of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in

*Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Defendant states that Plaintiff was attempting to appeal the Michigan Court of Appeals' denial of his delayed application for leave to appeal his plea based criminal convictions. Defendant asserts that Plaintiff has failed to show that his underlying claim was nonfrivolous. Defendant attaches a copy of the November 26, 2007, Michigan Court of Appeals' order denying Plaintiff's delayed application for leave to appeal for lack of merit in support of his claim that Plaintiff's appeal to the Michigan Supreme Court was frivolous. (Defendant's Exhibit 3.)

Plaintiff responds by citing *Hadix v. Johnson*, 182 F.3d 400 (5th Cir. 1999), for the proposition that whether the underlying claim is frivolous or not must be determined from the record or through factual findings made by the court. *Id.* at 406. In *Hadix*, the court addressed the claims of a group of prisoners regarding alleged interference with the ability to send mail and held:

> Because it is impossible to determine from the record now before us whether the underlying claims were in fact non-frivolous, we conclude that we must remand this case (yet again) for factual findings on this issue. It will be necessary for the district court to determine, first, whether any of the named plaintiffs are still incarcerated and active in the lawsuit and, second, whether they have suffered "actual injury."

*Id.*

Unlike the situation in *Hadix*, the record in this case demonstrates that the Michigan Court of Appeals denied Plaintiff's delayed application for leave to appeal for lack of merit. Therefore, the court can conclude that Plaintiff's subsequent appeal to the Michigan Supreme Court was frivolous and cannot constitute an "actual injury."

Defendant also asserts that his conduct was merely negligent, which is insufficient to support a First Amendment access to courts claim. This issue was recently addressed by the United States District Court for the Eastern District of Michigan:

> To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent. *See Wojnicz v. Davis,* 80 F. App'x 382, 384 (6th Cir.2003); *see also Carlton v. Jondreau,* 76 Fed. App'x. 642, 643 (6th Cir.2003) (holding that prison officials did not violate a state inmate's due process rights by losing one piece of legal mail, where the loss was the result of negligence); *Hunter v. Welborn,* 52 F. App'x 277, 279-80 (7th Cir.2002) (finding that a prisoner failed to state a denial of access to courts claim against a mail room supervisor for failing to forward legal mail where the supervisor's actions were merely negligent); *Garrison v. Corr.,* 26 F. App'x 410, 411 (6th Cir.2001) (stating that negligence does not suffice to state an access to the courts violation under § 1983). At best, the allegations in Plaintiff's complaint establish merely that the defendants were negligent in handling Plaintiff's legal mail. Plaintiff has not alleged that any of the Defendants acted deliberately or maliciously in misplacing plaintiff's legal mail, other than baldly asserting that Defendants had "direct and/or indirect roles in the tampering and obstruction of my mail." *See Kampfer v. Vonderheide,* 216 F.Supp.2d 4, 7 (N.D.N.Y.2002); (Pl.'s Compl. at 7). However, without further supporting, factual allegations, Plaintiff has not stated a claim: conclusory, unsupported

> allegations of a constitutional deprivation do not state a § 1983 claim. *Johnson v. Freeburn,* 29 F.Supp.2d 764, 767 (E.D.Mich.1998). Because there are no "[f]actual allegations" that "raise a right to relief above the speculative level," *Twombly,* 127 S.Ct. at 1965, that the loss of Plaintiff's mail was intentional, the court will deny Plaintiff's access to the courts claim.

*Brooks v. Scherf*, 2009 WL 1884151, slip op. at 2 (E.D. Mich., Jun. 29, 2009).

Defendant attaches his affidavit, in which he attests that he received an expedited legal mail disbursement from Plaintiff on January 15, 2008, at 2:44 p.m. Defendant denies ever having a conversation with Plaintiff about a deadline when he received the disbursement. Defendant states that he took the expedited legal mail disbursement and legal mail to the mail room and placed it next to the legal mail log book. Because the mail room staff was not present to sign it into the book, Defendant did not initial the log book. Defendant states that there were no mailroom personnel present at the end of his work day to notify regarding the expedited mail disbursement and he went home. Defendant attests that the mailroom staff would normally remind him to initial the book the next day and would send the mail out and that he believed that would happen on the date in question. However, that did not occur in this case. (Defendant's Exhibit 1, ¶¶ 3-7.)

In the opinion of the undersigned, Defendant's conduct amounts to no more than negligence. Because Plaintiff has failed to show actual injury and because Defendant's conduct was not deliberate, the undersigned recommends that Defendant be granted summary judgment.

Defendant alternatively moves for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir.

1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendant is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's motion for summary judgment (Docket #23) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 1, 2010